IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BREAD FOR THE CITY
1525 7th St NW
Washington, DC 20001,

*Plaintiff*,

v.

U.S. SOCIAL SECURITY
ADMINISTRATION
6401 Security Blvd
Baltimore, Maryland, 21235,

*Defendant*.

Civil Action No._____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff, Bread for the City, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant, the United States Social Security Administration ("SSA"). In its FOIA requests, Bread for the City sought a copy of the social security application of its client, Philiss Robyn Terry.

2. Defendant first violated FOIA when it erroneously denied Bread for the City's August 17, 2023 request by claiming wrongly that Bread for the City failed to submit forms containing its client's consent that it receive the records on her behalf. Defendant SSA violated FOIA for the second time by failing to make a determination on Bread for the City's second FOIA request, dated November 1, 2024, by the twenty business day deadline. Accordingly, Bread for the City seeks declaratory relief that SSA has violated FOIA and injunctive relief requiring the immediate processing and release of the requested records.

**Jurisdiction and Venue**

3. This court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5. Plaintiff Bread for the City is a Section 501(c)(3) nonprofit organization. Its mission is to help Washington, DC residents living with low income to develop their power to determine the future of their own communities. Plaintiff accomplishes this mission through many services including the provision of food, clothing, medical care, and legal and social services to individuals. Relevant here, Bread for the City is assisting a client to obtain personally identifying information from their SSA application as part of the process of requesting a delayed birth certificate.

6. Defendant, the U.S. Social Security Administration, is an agency of the U.S. federal government responsible for administering the Social Security program. Defendant is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), with the possession, custody, and control of the requested records.

**Plaintiff's August 17, 2023 FOIA Request**

7. On August 17, 2023, Bread for the City submitted a FOIA request by letter to SSA seeking a copy of Philiss Robyn Terry's application for a Social Security Card. A true and correct copy of this FOIA request is attached to this Complaint as Exhibit A.

8. Bread for the City appended to the August 17, 2023, FOIA request a "Social Security Administration Consent for Release of Information" form (SSA-3288). This form,

signed by Ms. Terry, authorizes Plaintiff to request a copy of her application for a Social Security Number on her behalf. Plaintiff also submitted form SSA-714, enclosing Plaintiff's credit card information, and authorizing SSA to charge $30 to cover the SSA's processing fee. A true and correct copy of these forms can be found in Exhibit A to this Complaint.

9. Plaintiff's August 17, 2023, FOIA request reasonably described the records being sought, i.e., Ms. Terry's Social Security application, and was made in accordance with all published rules, including completing consent forms SSA-3288 and SSA-714.

10. On December 19, 2023, SSA responded to Bread for the City by letter, denying its request. In the letter, SSA stated that it was unable to comply with the request because Bread for the City did not provide valid consent. The letter enclosed two blank documents used to obtain valid consent: SSA-3288 and SSA-714. These forms were the exact same documents Plaintiff already completed and attached to its FOIA request four months earlier. Moreover, the letter did not describe any appeal process for Plaintiff to follow. Instead, the letter concluded by directing any questions to the FOIA Public Liaison. A true and correct copy of this letter can be found in Exhibit B attached to this Complaint.

11. On February 15, 2024, Plaintiff emailed the FOIA Public Liaison, inquiring as to why SSA needed Plaintiff to resubmit forms it had already completed as part of its initial FOIA request. Plaintiff received no response to this email.

**Plaintiff's November 1, 2024 FOIA Request**

12. On November 1, 2024, Bread for the City submitted by letter a second FOIA request to SSA, again requesting a copy of Ms. Terry's original application for a Social Security number. A true and correct copy of this FOIA request is attached to this Complaint as Exhibit C.

13. Enclosed with the November FOIA request, Bread for the City attached completed Social Security forms SSA-3288 and SSA-714, showing proof of valid consent and granting credit card authorization. A true and correct copy of these forms can be found in Exhibit C to this Complaint.

14. To date, Bread for the City has not received a determination from SSA on its November 1, 2024, FOIA request. Instead, the only response Plaintiff has received from SSA since making this request is a letter, dated February 28, 2025, purporting to return a copy of Bread for the City's August 2023 FOIA request.

15. Because SSA failed to make a determination within the statutorily required time period, and continues to withhold documents responsive to Plaintiff's requests, Bread for the City has now constructively exhausted all applicable administrative remedies with respect to its November 1, 2024, FOIA request. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## Statutory and Regulatory Background

16. An agency must make a determination within twenty days of receipt of a request, excluding Saturdays, Sundays, and legal public holidays, about whether to comply. 5 U.S.C. § 552(a)(6)(A)(i). After making a determination, the agency must promptly notify the requesting entity of such a decision and the "reasons therefor," the rights of the requester to seek assistance from the FOIA Public Liaison for the agency, and, if applicable, the requester's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i)(I)–(III).

17. Moreover, the FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ... shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

4

18. After a FOIA request is received by an agency, it must "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C). If the agency identifies any responsive records, the agency must make them "promptly available." *Id.*

19. If an agency fails to make a determination within the prescribed time frame, requesters are deemed to have exhausted their administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## PLAINTIFF'S CLAIMS

### Count I
**(Failure to Make Non-Exempt Records Promptly Available)**

20. Plaintiff repeats and realleges paragraphs 1-19 as if they were fully set forth herein.

21. In its August 17, 2023, FOIA request, Plaintiff properly sought records within the custody and control of Defendant U.S. Social Security Administration.

22. Defendant, by failing to accept and consider the consent forms submitted by Plaintiff at the time of the request, and by failing to make a determination on the accompanying FOIA request, erroneously and improperly denied Plaintiff's August 17, 2023, FOIA request, in contravention of 5 U.S.C. § 552(a)(3)(A).

23. Accordingly, Plaintiff is entitled to injunctive and declaratory relief requiring Defendant to immediately process and disclose all requested records to Plaintiff.

### Count II
**(Failure to Issue a Determination)**

24. Plaintiff repeats and realleges paragraphs 1-19 as if they were fully set forth herein.

25. In its November 1, 2024, FOIA request, Plaintiff properly sought records within the custody and control of Defendant the U.S. Social Security Administration.

26. Defendant wrongfully withheld agency records requested by Plaintiff by failing to make a determination on Plaintiff's request within the statutorily prescribed time period of 20 business days, as required by 5 U.S.C. § 552(a)(6)(A), and by continuing to withhold documents that are non-exempt and responsive to Plaintiff's FOIA requests.

27. Plaintiff has constructively exhausted its administrative remedies.

28. Accordingly, Plaintiff is entitled to injunctive and declaratory relief requiring Defendant to immediately process and disclose all requested records to Plaintiff.

## **Prayer for Relief**

WHEREFORE, Plaintiff, Bread for the City, respectfully requests this Court:

1. Issue a declaration that Plaintiff is entitled to the immediate processing and disclosure of the requested records to Plaintiff;

2. Order Defendant to immediately process and disclose all responsive records to Plaintiff;

3. Provide for expeditious processing of this action;

4. Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

5. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(F)(i); and

6. Grant any other such relief that this Court may deem just and proper.

Date: March 3, 2025                                    Respectfully Submitted,

*/s/ Jeffrey S. Gutman*
Jeffrey S. Gutman (D.C. Bar No. 416954)
jgutman@law.gwu.edu
Bersaveh Belay (LCvR 83.4 Student-Attorney)

Public Justice Advocacy Clinic
George Washington University Law School
2000 G Street, N.W.
Washington, D.C. 20052
Telephone: 202-994-5797
Fax: 202-994-3362

*Attorneys for Plaintiff*